SAVICH *v.* AMERICAN STATE BANK.

1. APPEAL AND ERROR—ISSUES RAISED ON MOTION FOR NEW TRIAL NOT CONSIDERED ON REVIEW.

Objections that other issues should have been included in the charge to the jury, made in motion for new trial and in assignments of error, are not entitled to consideration by the Supreme Court, where no request to charge thereon was presented and no mention thereof made when opportunity to do so was given after the charge.

2. SAME—TRIAL—INSTRUCTIONS—MISSTATEMENT IN CHARGE REVERSIBLE ERROR.

Where, in wife's action against a bank for negligently paying money out of her individual savings account to her husband, there was corroborated testimony that her account was changed to a joint one with her husband, and that she was present in the bank and consented thereto, a misstatement in the charge that she was seen in an automobile outside the bank when the change was made was reversible error, in view of the fact that she failed to categorically deny consenting to the change.

3. WITNESSES—EVIDENCE—IMPEACHMENT.

Where wife, in action against a bank for negligently paying out her money to her husband, testified that he gave the money to her, defendant should have been permitted to show that in her divorce suit she testified that she had earned it herself in business, since it was competent as tending to impeach her.

4. BANKS AND BANKING—VERDICT AGAINST WEIGHT OF EVIDENCE.

Where, in wife's action against a bank for negligently paying money out of her individual savings account to her husband, her denial that she consented to a change of the account to a joint one with her husband may be only remotely inferred, and the testimony that she did so consent was direct and explicit, a verdict in her favor was against the great weight of evidence.

Error to Wayne; Smith (Guy E.), J., presiding. Submitted April 9, 1929. (Docket No. 107, Calendar No. 34,303.) Decided June 3, 1929.

Assumpsit by Anna Savich against the American State Bank on savings account. From a judgment for plaintiff, defendant brings error. Reversed and new trial granted.

*Dohany & Dohany,* for appellant.

FEAD, J. On October 27, 1919, plaintiff opened an individual savings account at a branch of defendant bank in the city of Detroit, deposited $30, signed a signature card and received a passbook, in which she agreed to the rules and regulations of the bank governing savings deposits. Three days later her husband, Louis Savich, deposited $100 in the account and requested that it be changed to a joint account, as he wanted to use it only temporarily to save money to buy an automobile. Defendant's manager, Ellison, stamped the signature card above plaintiff's signature with words appropriate to constitute a joint account and Savich signed the card. Ellison and Savich both testified that the change was so made and plaintiff was in the bank on that occasion and expressly agreed to it. Plaintiff did not deny it, except as denial may be inferred from the single statement, "I did not say to Mr. Savich or to the American State Bank that Mr. Savich would be allowed to withdraw $1,100 from my bank account." No change was made in the passbook.

Several deposits and withdrawals followed. On February 10, 1920, Savich drew $180 in plaintiff's presence and with her consent. This left the balance of $20. On April 6 and 7, 1920, Savich made

four deposits aggregating $1,100. On April 8th he presented the passbook, drew $1,100, received a cashier's check payable to an automobile agency, and bought a car. There was testimony that plaintiff waited outside the bank in a car at the time, and knew her husband drew the money. She denied this and said she first knew of the withdrawal when Savich brought the passbook home that day and gave it to her. Within a few days she drew the balance of the account, except $1.00, which the manager induced her to leave to keep the account open. About two years later plaintiff obtained a divorce from Savich.

Plaintiff said she complained to Ellison about the withdrawal of $1,100 a short time after it happened, but he said she did not mention it until the divorce suit was begun and then in complaint against her husband. She commenced this suit July 21, 1925, her declaration being in trespass on the case for negligence of the bank in paying the money out of her account to a person not entitled to withdraw it. She gave no reason for the delay. Plaintiff had verdict of a jury and judgment. Defendant made motion for new trial, which was denied.

The court submitted to the jury two issues upon the question of liability: (a) Whether plaintiff consented to the change of the account to a joint account, and (b) whether the money was actually hers. In the motion for new trial and in the assignments of error defendant raised a number of other issues which it claimed affected liability and should have been included in the charge to the jury. Defendant presented no requests to charge upon such claims, nor, when the opportunity was given at the end of the charge for further suggestions, did it mention them. They are not entitled to consideration here.

The court, in setting out the claims of defendant, instructed the jury that it was claimed that the change to a joint account occurred at the time plaintiff was seen by the bank officials sitting in an automobile outside. This was an erroneous statement of fact, and particularly in view of plaintiff's failure to categorically deny consenting to the change, it was misleading as to an essential issue and was reversible error.

Upon the issue of ownership of the $1,100, plaintiff testified her husband gave it to her. Defendant was not permitted to show that she had stated under oath in the divorce suit that she had earned the money herself in business. The testimony was competent as tending to impeach plaintiff and should have been received.

Except for remote inferences, plaintiff did not deny consenting to the change of the account. The testimony that she did consent was direct and explicit. Ellison has not been an employee of defendant bank for several years. The verdict was against the great weight of evidence.

Defendant presents several other claims in connection with the admission of testimony, but as they are not likely to again arise they will not be discussed.

Judgment reversed, with new trial and costs.

NORTH, C. J., and FELLOWS, WIEST, CLARK, MC-DONALD, POTTER, and SHARPE, JJ., concurred.